MCGREGOR W. SCOTT
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LIODAM GONZALEZ,<br><br>Defendant. | CASE NO. 1:19-CR-00201-DAD-BAM<br><br>STIPULATION TO CONTINUE; AND ORDER |

This case is set for a hearing on June 22, 2020, which the parties stipulate to continue to July 27, 2020, for a change of plea hearing before the district court judge. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant, LIODAM GONZALEZ, by and through his counsel, stipulate to continue the hearing in this matter, which is currently set for June 22, 2020, until July 27, 2020, for a change- of-plea hearing. In support thereof, the parties stipulate that:

1. The Defendant, LIODAM GONZALEZ, is currently detained after being charged with

1. violations of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm; and 18 U.S.C. § 922(o) – unlawful possession of a machinegun.  The government provided discovery, supplemental discovery, and provided defense counsel with proposed plea agreement.  The defendant is continuing to review the discovery and needs time to do so.

2. Moreover, the parties expect to resolve this matter through a written agreement and stipulate to continue this matter until July 27, 2020, for a change of plea hearing.

3. The parties stipulate that the period of time from June 22, 2020, through July 27, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  June 14, 2020                                  MCGREGOR W. SCOTT
                                                       United States Attorney

                                                By:  /s/ THOMAS NEWMAN
                                                     THOMAS NEWMAN
                                                     Assistant United States Attorney

Dated: June 14, 2020                                  /s/ EMILY DELEON
                                                      Attorney for Defendant
                                                      LIODAM GONZALEZ

**O R D E R**

IT IS ORDERED that the status conference set for June 22, 2020, at 1:00 pm is vacated. The matter is set for a change of plea hearing on July 27, 2020 at 10:00 am before District Judge Dale A. Drozd.

IT IS FURTHER ORDERED THAT the period of time from June 22, 2020, through July 27, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 15, 2020**            /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE

STIPULATION                            4